**GATESCO, INC. LTD. & 2205 Ave. I Ltd., Appellants,**

v.

**The CITY OF ROSENBERG & Joe M. Gurecky, Mayor, Appellees.**

No. 14–08–01109–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 13, 2010.

Robert Gaines Gibson, Rosenberg, for appellants.

John J. Hightower, John E. Fisher, Houston, for appellees.

Panel consists of Justices YATES, BROWN, and SULLIVAN.

## OPINION

LESLIE B. YATES, Justice.

Appellants Gatesco, Inc. Ltd. and 2205 Ave. I Ltd. challenge the trial court's order granting a plea to the jurisdiction in favor of appellees the City of Rosenberg and the City's mayor, Joe. M. Gurecky (collectively "Rosenberg"). We reverse the trial court's order and remand for further proceedings.

## I. Factual and Procedural Background

Rosenberg is a home-rule city located in Fort Bend County. Gatesco purchased commercial property ("the Property") located within Rosenberg's city limits in 1996 and then sold the Property to 2205 Ave. I in 2006. Rosenberg's Code of Ordinances authorizes Rosenberg to provide water and sewer services to its residents, and Rosenberg has continuously provided these services to the Property since 1996. Rosenberg has at all times charged monthly water and sewer service fees by using a graduated scale based on the Property's monthly water consumption, with a minimum charge based on the monthly use of up to 2,000 gallons of water. 2205 Ave. I

learned in early 2008 that Rosenberg has consistently charged a monthly rate of eight times the minimum rate for water and sewer services since Gatesco purchased the Property. Appellants believed this multiple-rate charge was improper and demanded that Rosenberg refund these alleged overcharges (the "Overcharges"). Rosenberg declined to refund any fees, and appellants subsequently filed suit. Appellants sought (1) declaratory relief stating that Rosenberg unlawfully overcharged appellants for water and sewer services and that Rosenberg's enforcement of its Code of Ordinances violated appellants' constitutional rights, (2) prospective injunctive relief enjoining Rosenberg from violating appellants' constitutional rights by collecting excessive fees for water and sewer services, (3) reimbursement of all Overcharge amounts paid from 1996 to the present through the equitable doctrine of money had and received, and (4) recovery of interest, costs, and attorney's fees.

Rosenberg filed a plea to the jurisdiction, or alternatively, motion for summary judgment, challenging the trial court's subject matter jurisdiction on two grounds. First, Rosenberg argued that the Texas Commission on Environmental Quality ("TCEQ") possessed primary or exclusive appellate jurisdiction over appellants' water and sewer rate claims.[1] Second, Rosenberg claimed that governmental immunity[2] barred appellants' claims seek-

---

1. See TEX. WATER CODE ANN. § 13.042 (Vernon 2008) (granting the TCEQ exclusive appellate jurisdiction "to review orders or ordinances" under the Texas Water Code).

2. Rosenberg asserted it was protected by "sovereign immunity," but any immunity enjoyed by Rosenberg would derive from governmental immunity. Sovereign immunity refers to the State's immunity from suit and

liability and also protects various divisions of state government. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n. 3 (Tex. 2003). Governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. Id.; see also Carrasco v. City of Alvin, No. 14–06–00687–CV, 2007 WL 900790, at *2 (Tex.App.-

ing equitable reimbursement of any Overcharge amounts and appellants' claims for costs and attorney's fees. Following a hearing, the trial court granted Rosenberg's plea to the jurisdiction. Appellants raise two issues on appeal challenging the trial court's order.

## II. Analysis

### a) Standard of Review

 A plea to the court's jurisdiction challenges a trial court's authority to determine the subject matter of a controversy. *See State v. Holland,* 221 S.W.3d 639, 642 (Tex.2007); *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Subject matter jurisdiction is essential to a court's authority to act and, as such, cannot be waived. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 448 n. 2 (Tex. 1996). The plaintiff bears the burden to plead facts affirmatively demonstrating subject matter jurisdiction. *See Holland,* 221 S.W.3d at 642; *Jansen v. Fitzpatrick,* 14 S.W.3d 426, 431 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The trial court must dismiss the suit without prejudice upon a finding that it lacks subject matter jurisdiction. *Jansen,* 14 S.W.3d at 431. A plea to the jurisdiction raises a question of law and is reviewed de novo on appeal. *Westbrook v. Penley,* 231 S.W.3d 389, 394 (Tex.2007); *Holland,* 221 S.W.3d at 642.

 A plea to the jurisdiction can challenge either the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226–27 (Tex.2004). If the plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Id.* at 226. We look to the pleader's intent, liberally construe the pleadings in favor of the plaintiff, and will afford the plaintiff the opportunity to amend if the pleadings do not show sufficient facts to affirmatively demonstrate trial court jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction. *Id.* at 226–27. A plea to the jurisdiction may be granted without an opportunity for plaintiff to amend if the pleadings affirmatively negate the existence of jurisdiction. *Id.* at 227.

### b) Does the TCEQ have Primary or Exclusive Appellate Jurisdiction over Appellants' Water and Sewer Service Rate Claims?

 Appellants contend in their first issue that the trial court erred in finding it lacked appellate jurisdiction over their water and sewer service rate claims. Rosenberg's plea to the jurisdiction asserted that the TCEQ was required to hear these claims before the trial court gained jurisdiction over the case. However, this court recently held that section 13.042 of the Texas Water Code does not grant the TCEQ exclusive or primary jurisdiction over challenges to water rates charged by municipalities. *See Tara Partners, Ltd. v. City of S. Houston,* 282 S.W.3d 564, 571–75 (Tex.App.-Houston [14th Dist.] 2009, pet. denied) (discussing the TCEQ's appellate jurisdiction over water rate claims under section 13.042(d) of the Texas Water Code). Because appellants' claims are similar to those raised by the *Tara* plaintiffs,[3] Rosenberg now concedes that the

Houston [14th Dist.] Mar. 27, 2007, no pet.) (mem. op.).

3. The *Tara* plaintiffs alleged South Houston's water and sewer rates were unlawful and unconstitutional under Texas law and that the charged rates were unreasonable, unjustified, arbitrary, and unreasonable. *Id.* at 571. The *Tara* plaintiffs also sought declaratory judgments incorporating these allegations and sought reimbursement of past payments. *Id.*

trial court had jurisdiction over appellants' water rate claims and asks us to remand the case for a consideration of these claims. Accordingly, we hold the trial court erred in finding that the TCEQ possessed exclusive or primary appellate jurisdiction over appellants' water rate claims and sustain appellants' first issue.

*c) Does Governmental Immunity Bar Appellants' Claims for Equitable Relief?*

 In their second issue, appellants argue that the trial court erred in granting Rosenberg's plea to the jurisdiction because their claims for equitable relief are not barred by governmental immunity.[4] Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is thus properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26; *see also Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (stating governmental immunity bars suit unless the party suing the governmental entity establishes the State's consent either by reference to a statute or to express legislative permission). The Declaratory Judgments Act ("DJA") provides an express waiver of governmental immunity for declaratory relief, but not for money damages. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (Vernon 2008) (providing for a "declaration of rights, status, or other legal relations" when the construction or validity of a municipal ordinance is challenged); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex.2009) (reaffirming the rule that the DJA does not authorize circumvention of sovereign immunity by

characterizing a suit for money damages as a declaratory-judgment claim). Additionally, governmental immunity will not defeat a claim for declaratory or injunctive relief seeking the refund of illegally collected taxes or fees if the plaintiff alleges " 'that the payments were made as a result of fraud, mutual mistake of fact, or duress, whether express or implied.' " *See Tara Partners*, 282 S.W.3d at 576 (quoting *Nivens v. City of League City*, 245 S.W.3d 470, 474 (Tex.App.-Houston [1st Dist.] 2007, pet. denied)); *see also Dallas County Cmty. Coll. Dist. v. Bolton*, 185 S.W.3d 868, 876–79 (Tex.2005); *Camacho v. Samaniego*, 954 S.W.2d 811, 822 (Tex.App.-El Paso 1997, pet. denied).

 Appellants assert in their pleadings that they are entitled to an equitable declaration that Rosenberg unlawfully collected the Overcharges and that they are entitled to a refund of the Overcharges. This argument is based on appellants' contention that the Overcharges are not Rosenberg's property. *See Nivens*, 245 S.W.3d at 474 ("The revenue generated from a tax determined to be illegal should not be treated as property of the State or municipality to which the principles of sovereign immunity apply. . . ."). Rosenberg originally argued in its plea to the jurisdiction that if the TCEQ did not have primary or exclusive jurisdiction over the case, appellants' claims for equitable relief were barred by governmental immunity because they were nothing more than claims for money damages.[5] *See Tex. Nat-*

---

4. Appellants' equitable claims for relief are based primarily on the doctrine of money had and received, which rests on a premise that the plaintiff "paid money to the defendant[ ], either by mistake or fraud, that, in equity or good conscience, should be returned to the plaintiffs." *Stonebridge Life Ins. Co. v. Pitts*, 236 S.W.3d 201, 207 (Tex.2007) (quoting *Funliner of Ala., L.L.C. v. Pickard*, 873 So.2d

198, 211 (Ala.2003)); *see also Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex.App.-Houston [14th Dist.] 2001, no pet.) ("[Money had and received] is an equitable doctrine applied to prevent unjust enrichment.").

5. Rosenberg also argued that appellants' claims for costs and attorney's fees are barred by governmental immunity. The DJA contro-

*ural Res. Conservation Comm'n v. IT-Davy,* 74 S.W.3d 849, 856 (Tex.2002) (holding a breach of contract suit for money damages could not be characterized as a declaratory judgment suit to defeat sovereign immunity). After conceding the trial court's jurisdiction in its brief, Rosenberg presented a new theory for why it was immune from appellants' claims for equitable relief: "[a]ppellants have not pleaded adequately to establish the degree of fraud, mutual mistake of fact or duress to prevent their 'money had and received' claims from being barred by governmental immunity." *See Tara Partners,* 282 S.W.3d at 577–78 (holding plaintiffs' claims for retrospective relief were barred because plaintiffs pled no facts alleging water and sewer payments were made as a result of fraud, mutual mistake of fact, or duress); *Nivens,* 245 S.W.3d at 475 (same).

During oral argument, appellants objected to this new argument because Rosenberg's plea to the jurisdiction made no mention of appellants' failure to plead fraud, mutual mistake of fact, or duress. Appellants requested an opportunity to amend their pleadings to cure these newly-contested jurisdictional defects and argued alternatively that the pleadings sufficiently show the Overcharges were paid due to either mutual mistake of fact or duress.[6] *See Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 839–40 (Tex.2007) (determining that a plaintiff who loses a plea to the jurisdiction based on sovereign immu-

nity is entitled to remand for an opportunity to amend, so long as any jurisdictional defects can be cured); *Hull v. Davis,* 211 S.W.3d 461, 463 (Tex.App.-Houston [14th Dist.] 2006, no pet.) (stating plaintiff should be afforded the opportunity to amend when there is a failure to plead facts establishing jurisdiction and the pleadings do not demonstrate incurable jurisdictional defects). Because appellants have had no opportunity to respond to Rosenberg's new argument concerning governmental immunity and appellants' equitable claims, we find that appellants should be given an opportunity to amend their pleadings to reflect whether the Overcharges were paid as a result of fraud, mutual mistake of fact, or duress. *See Koseoglu,* 233 S.W.3d at 839–40. If appellants are unable to plead facts curing the jurisdictional defects alleged by Rosenberg, appellants' claims for retrospective relief will be barred by governmental immunity and should be dismissed. *See Heinrich,* 284 S.W.3d at 374–76, 380 (allowing plaintiff's claims for prospective declaratory and injunctive relief to go forward, but dismissing plaintiff's claims for retrospective claims for monetary relief because they were barred by governmental immunity); *Tara Partners,* 282 S.W.3d at 575 (dismissing plaintiffs' claims for retrospective reimbursement of fees while remanding plaintiffs' claim for declaratory judgment). We therefore remand for further proceedings.

verts this argument. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 2008) ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just."); *Tex. Educ. Agency v. Leeper,* 893 S.W.2d 432, 446 (Tex.1994) (recognizing the DJA waives governmental immunity from attorney's fee awards).

6. Appellants argue Gatesco and 2205 Ave. I paid the Overcharges from 1996–2008 based upon a mutual mistake of fact because Rosen-

berg erroneously assumed that eight tenants were simultaneously occupying the Property, a situation which appellants deny has ever occurred. 2205 Ave. I argues it is currently paying more than the minimum monthly rate under duress because failure to pay the fees could potentially result in a fine or cessation of water and sewer services. We decline to address the merits of these claims as we find appellants should be given an opportunity to amend their pleadings.

### III. Conclusion

We conclude the trial court had jurisdiction over appellants' claims disputing Rosenberg's imposition of water and sewer service fees, appellants' claims for declaratory relief related to Rosenberg's implementation and enforcement of its Code of Ordinances, appellants' claims for prospective injunctive relief related to Rosenberg's water and sewer service fees, and appellants' claims for costs and attorney's fees. We further conclude that appellants should be afforded an opportunity to amend their pleadings to respond to Rosenberg's new allegations that governmental immunity bars any equitable retrospective recovery of the Overcharges because appellants failed to plead that the Overcharges resulted from fraud, mutual mistake of fact, or duress, whether express or implied.

We therefore reverse the trial court's order dismissing appellants' claims and remand for further proceedings consistent with our opinion.