**Appellant's Motion for Rehearing Overruled; Appellant's Motion for En Banc Reconsideration Denied as Moot; Opinion of July 12, 2011, Withdrawn; Affirmed and Substitute Opinion on Rehearing filed November 3, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00136-CV

### CITY OF HOUSTON, Appellant

### V.

### ROSALABA RODRIGUEZ, Appellee

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2009-74882**

## S U B S T I T U T E   O P I N I O N   O N   R E H E A R I N G

Appellant, the City of Houston ("the City"), files this interlocutory appeal from the trial court's order denying the City's plea to the jurisdiction. We issued our original opinion on July 12, 2011. Thereafter, the City filed a motion for rehearing and a motion for en banc reconsideration. We overrule the City's motion for rehearing, withdraw our previous opinion, and issue this substitute opinion affirming the trial court's order. The City's motion for en banc reconsideration is denied as moot.

# I. BACKGROUND

Appellee, Rosalaba Rodriguez, alleges she was injured when the vehicle in which she was traveling was struck by a motor-driven vehicle operated by Leslie Carl Hudson, an employee of the City. At the time of the accident, Hudson was operating his vehicle within the course and scope of his employment. Rodriguez filed suit against Hudson and the City simultaneously. The City filed a motion to dismiss Hudson from the suit pursuant to section 101.106(e), which mandates dismissal in favor of a governmental employee when suit is filed against both the employee and the governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011). The trial court granted the motion. The City then filed a plea to the jurisdiction in which it requested dismissal of Rodriguez's suit. In its plea, the City referred to section 101.106(b), which provides that the filing of a suit against a governmental employee forever bars suit against the employee's governmental unit regarding the same subject matter unless the governmental unit consents. *Id.* § 101.106(b). The trial court denied the City's motion, and the City now brings this interlocutory appeal.[1]

## II. TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 101.106(b)

In its sole issue, the City contends the trial court erred by denying its plea to the jurisdiction because Rodriguez irrevocably elected to sue Hudson by suing both the City and Hudson and, thus, suit against the City is barred under subsection (b).

## A. Standard of Review

Generally, we review a trial court's order on a motion to dismiss under an abuse-of-discretion standard. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). However, the proper standard of review is determined by

---

[1] We have jurisdiction over this interlocutory appeal pursuant to section 51.014(a)(5) of the Texas Civil Practice and Remedies Code, which authorizes interlocutory appeals from denials of motions for summary judgment based on section 101.106. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (West 2008). The fact that the City entitled its pleading "plea to the jurisdiction" does not affect the application of section 51.014(a)(5). *See Phillps v. Dafonte*, 187 S.W.3d 669, 674–75 (Tex. App.—Houston [14th Dist.] 2006, no pet.), *disapproved of on other grounds by Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011).

the substance of the issue rather than the type of motion considered by the trial court. *See In re Doe*, 19 S.W.3d 249, 253 (Tex. 2000) (to determine proper standard of review, "we must determine whether the [issue] is a question of fact or of law"). The City's plea to the jurisdiction presents an issue regarding statutory interpretation of section 101.106.

Matters of statutory construction are reviewed *de novo. City of San Antonio v. Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). In construing a statute, our primary goal is to determine and effectuate legislative intent. *Grimes Cnty. Bail Bond Bd. v. Ellen*, 267 S.W.3d 310, 316 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001) (orig. proceeding)). If a statute is clear and unambiguous, we need not resort to rules of construction. *Id.* We may consider, among other things, the statute's objectives and the consequences of a particular construction. *Id.* We give effect to all the words of a statute, treating none of its language as surplusage when reasonably possible. *Phillips v. Bramlett*, 288 S.W.3d 876, 880 (Tex. 2009). We presume that every word of a statute has been included or excluded for a reason. *Old Am. Cnty. Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 115 (Tex. 2004).

## B. Election-of-Remedies under the Texas Tort Claims Act

The Texas Tort Claims Act ("TTCA") establishes a limited waiver of immunity for certain suits against governmental units. Pertinent to our case, the TTCA waives governmental immunity to the extent liability arises from the "use of a motor-driven vehicle or motor-driven equipment." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (West 2011). To prevent litigants from circumventing the TTCA by suing governmental employees instead of governmental entities, the legislature provided the following election-of-remedies provisions in section 101.106:

> (a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.
>
> (b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and

3

forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106. "Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

## C. Analysis

The City argues that Rodriguez's petition naming both the City and Hudson triggered application of subsections (b) and (e) and barred her suit against the City. Essentially, the City contends that a plaintiff forfeits her claims when she files suit simultaneously against both governmental employee and governmental unit because the governmental unit may seek permanent dismissal of its employee pursuant to subsection (e) and permanent dismissal of the claims against itself pursuant to subsection (b). In support of this contention, the City cites *Garcia*, in which the supreme court concluded

4

that subsection (b) applies even when suit is filed against both the employee and governmental unit. *Id.* at 659–60. The court explained that "to the extent subsection (b) applies, it bars any suit against the governmental unit regarding the same subject matter, *not just suits for which the [TTCA] waives immunity or those that allege common-law claims.*" *Id.* at 660 (emphasis added). Relying on this language, the City argues the trial court was required to dismiss Rodriguez's suit against it despite the fact that her claims fall within the TTCA's waiver of immunity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (providing waiver of immunity for liability arising from governmental employee's "use of a motor-driven vehicle or motor-driven equipment"). However, in *Amadi v. City of Houston*, our en banc court recently rejected the identical argument. --- S.W.3d ---, No. 14-10-01216-CV, 2011 WL 5099184 (Tex. App.—Houston [14th Dist.] Oct. 27, 2011, no. pet. h.) (en banc op. on rehearing).

In *Amadi*, the plaintiff sued the City and its employee simultaneously for injuries stemming from the employee's operation of a motor-driven vehicle within the course and scope of his employment with the City. *Id.* at *1. We acknowledged the supreme court's broad language in *Garcia* that subsection (b) "bars any suit . . ., not just suits for which the [TTCA] waives immunity." *Id.* at *5 (quoting *Garcia*, 253 S.W.3d at 659). Nevertheless, we focused on the plain language of subsection (b), which mandates that a suit against a governmental unit is barred regarding the same subject matter when a plaintiff sues the governmental employee "unless the governmental unit consents." *Id.* We would have ignored the "unless the governmental unit consents" language if we determined subsection (b) requires dismissal of the plaintiff's claims against the City even though they fall within TTCA's waiver of immunity. *Id.* Accordingly, we concluded that the plaintiff's claims against the City were not barred under subsection (b) because the City consented to the claims under the TTCA. *Id.* Furthermore, we explained that our holding did not contradict the *Garcia* court's conclusion that the plaintiff's common-law tort claims were barred under subsection (b) because immunity for the specific common-law tort claims asserted in *Garcia* was not waived under the

5

TTCA. *Id.* (citing *Garcia*, 253 S.W.3d at 650–60); *see also City of N. Richland Hills v. Friend*, 337 S.W.3d 387, 392 (Tex. App.—Fort Worth 2011, pet. filed) (recognizing *Garcia* stands for proposition that subsection (b) bars all claims against a governmental unit except claims for which immunity is waived, such as certain tort claims under the TTCA). Applying *Amadi* to the present case, we hold that subsection (b) does not bar Rodriguez's claims against the City because the City's immunity relative to the claims is waived under the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).[2]

We note that our holdings here and in *Amadi* potentially conflict with the holdings in two cases cited by the City. *See Huntsville v. Briggs*, 262 SW3d 390 (Tex. App.—Waco 2008, pet. denied); *Tex. Dep't of Agric. v. Calderon*, 221 S.W.3d 918 (Tex. App.—Corpus Christi 2007, no pet.), *disapproved of on other grounds by Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011).[3] In these cases, the plaintiffs sued governmental employees for injuries stemming from the employees' operation of motor-driven vehicles within the scope of their government employment. *Briggs*, 262 SW3d at 391; *Calderon*, 221 S.W.3d at 920, 923 n. 3. The employees filed motions to dismiss pursuant to subsection (f), which provides that on a governmental employee's motion, suit against the employee must be dismissed if the employee was sued for conduct committed within the scope of his employment and the suit could have been brought under the TTCA against the governmental unit; however, the plaintiff's suit is not dismissed if he amends his pleadings to dismiss the employee and name the governmental unit as defendant on or

---

[2] The First Court of Appeals has recently addressed the identical issue presented in this case. *See City of Houston v. Esparza*, --- S.W.3d ---, No. 01-11-00046-CV, 2011 WL 4925990 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, no pet. h.). Although the First Court ultimately determined that subsection (b) does not bar a plaintiff's claims against a governmental unit when the plaintiff initially files suit against both governmental unit and governmental employee, the court's reasoning differs substantially from that used by our court. *Compare id.* at *5–10, *with Amadi*, 2011 WL 5099184, at *6 (addressing differences in reasoning used by First Court and Fourteenth Court).

[3] The City also cites the supreme court's recent decision in *Franka v. Velasquez*. 332 S.W.3d 367 (Tex. 2011). However, the court focused its analysis on specific language of subsection (f) not relevant to our case. *Id.* at 379–85. Further, the court's discussion regarding *Garcia* does not support the City's position that subsection (b) operates to bar all claims, even those falling within the TTCA's waiver of immunity. *See id.* at 377–79.

before the thirtieth day after the date the motion is filed. *Briggs*, 262 SW3d at 391; *Calderon*, 221 S.W.3d at 920; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). The plaintiffs amended their petitions to add the governmental units as defendants but did not dismiss the employees within thirty days of the date the motion was filed. *Briggs*, 262 SW3d at 392; *Calderon*, 221 S.W.3d at 920. The governmental units filed pleas to the jurisdiction, arguing that the plaintiffs' claims against them were barred because the plaintiffs failed to comply with the procedures of subsection (f) and, thus, subsection (b) applied; the trial courts denied the governmental units' motions. *Briggs*, 262 SW3d at 391; *Calderon*, 221 S.W.3d at 920. Although the rationale employed by the courts of appeals differed in certain respects, each held that the plaintiffs' claims against the governmental units must be dismissed because subsection (b) applied. *Briggs*, 262 SW3d at 395–96; *Calderon*, 221 S.W.3d at 924. Neither court considered whether the phrase "unless the governmental unit consents" in subsection (b) prevented dismissal because immunity for the plaintiffs' claims was waived under the section 101.021 of the TTCA.

Though we make no comment regarding the relationship between subsections (b) and (f), to the extent the *Briggs* and *Calderon* courts implicitly held that subsection (b) bars claims for which a governmental unit's immunity has been waived under section 101.021 of the TTCA, we disagree.[4] In fact, the Austin Court of Appeals recently disagreed with the *Briggs* and *Calderon* courts and held that subsection (b) did not bar the plaintiff's claims against the governmental unit—even though the plaintiff initially sued only the governmental employee for injuries stemming from the employee's operation of a motor-driven vehicle—because the governmental unit's immunity was waived by the TTCA. *See Barnum v. Ngakoue*, Nos. 03-09-00086-CV, 03-09-00087-CV, 2011 WL 1642179, at *2, *7–12 (Tex. App.—Austin April 29, 2011, pet. filed) (mem. op.).[5]

---

[4] As explained in *Amadi*, we disagree with the First Court of Appeals's opinion in *Esparza* for the same reason. *See Amadi*, 2011 WL 5099184, at *6 (citing *Esparza*, 2011 WL 4925990, at *7).

[5] Interestingly, in dicta, the *Barnum* court interpreted the "unless the governmental unit consents" phrase of subsection (b) to mean that suit against a governmental unit is barred unless the governmental

Accordingly, we overrule the City's sole issue and affirm the trial court's order denying the City's plea to the jurisdiction.

/s/     Charles W. Seymore
           Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Boyce.

---

unit *presently consents to that particular suit*. 2011 WL 1642179, at *10–11. In other words, the court would interpret the phrase not to encompass *prior* waivers of immunity, such as those afforded in the TTCA. *Id.* Nonetheless, the court recognized that it was bound by *Garcia*, in which the supreme court interpreted the phrase to include prior waivers of immunity. *Id.* at *11.