**Motion for Rehearing Overruled; Opinion filed July 28, 2011, Withdrawn; Affirmed and Substitute Memorandum Opinion on Rehearing filed November 17, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00220-CV

**CITY OF HOUSTON, Appellant**

**V.**

**KELVIN JOHNSON, Appellee**

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-43403**

## SUBSTITUTE MEMORANDUM OPINION ON REHEARING

We overrule the motion for rehearing, withdraw our opinion dated July 28, 2011, and issue the following substitute opinion. In this interlocutory appeal, the City of Houston appeals from the trial court's order denying its plea to the jurisdiction on the negligence claims of appellee Kelvin Johnson.[1] We affirm.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008) (permitting interlocutory appeals from a court order that grants or denies a plea to the jurisdiction by a governmental unit).

## BACKGROUND

Johnson simultaneously sued the City and its employee, Marcia Renee Washington, for negligence alleging that the vehicle driven by Washington struck the vehicle in which Johnson was travelling. The City filed a motion to dismiss the claims against its employee, Washington, pursuant to the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011). Johnson then filed a notice of non-suit of his cause of action against Washington without prejudice. The trial court ordered that Johnson's cause of action against Washington be non-suited without prejudice. The trial court also subsequently granted the motion to dismiss the claims against Washington. The City then filed a plea to the jurisdiction, contending that Johnson's claims against it should be dismissed pursuant to section 101.106(b) of the election-of-remedies provision. *See id.* § 101.106(b). The trial court denied the City's plea to the jurisdiction and this appeal followed.

## STANDARD OF REVIEW

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Gatesco, Inc. Ltd. v. City of Rosenberg*, 312 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *City of Dallas v. Carbjal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam); *Miranda*, 133 S.W.3d at 228.

## ANALYSIS

In its sole issue in this appeal, the City asserts that the trial court erred by denying its plea to the jurisdiction. Specifically, the City argues that it is entitled to the dismissal of Johnson's claims against it pursuant to section 101.106(b) because Johnson made an irrevocable election to sue its employee, thus barring all claims against the City.

2

Section 101.106(e) provides:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Once the governmental unit files a motion to dismiss the claims against its employee under section 101.106(e), the trial court must grant the motion and dismiss the claims against the employees from the suit. *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied). Here, the trial court first granted the non-suit dismissing the claims against Washington from the suit. However, the procedure by which the claims against Washington were dismissed from the suit is of no consequence to our disposition. *See Amadi v. City of Houston*, No. 14-10-01216-CV, — S.W.3d —, 2011 WL 5099184, at *4 (Tex. App.—Houston [14th Dist.] October 27, 2011, no pet. h.) (op. on reh'g en banc) (explaining that the only claims remaining in the case were those against the City for which it consented to be sued regardless of the procedure used to dismiss the employee from the suit).

With the claims against Washington dismissed from the suit, the City further sought the dismissal of Johnson's claims against itself pursuant to section 101.106(b), which provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b).

The City argues that the governmental unit has immunity from suit under subsection (b) when a plaintiff files suit simultaneously against the governmental unit and its employee regarding the same subject matter. Specifically, the City relies on *Mission Consolidated Independent School District v. Garcia*, which states that "to the extent

3

subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." 253 S.W.3d 653, 659 (Tex. 2008). However, this court recently rejected these identical arguments in cases involving the simultaneous filing of suit against the City and its employee. *See Amadi*, 2011 WL 5099184, at *8; *see also City of Houston v. Rodriguez*, No. 14-11-00136-CV, — S.W.3d —, 2011 WL 5244366, at *2–3 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet. h.) (op. on reh'g).

Subsection (b) applies to bar a plaintiff's recovery against the governmental unit only when the governmental unit has not consented to suit. *Amadi*, 2011 WL 5099184, at *4. Here, as in *Amadi* and *Rodriguez*, the City consented to suit based on the negligent use or operation of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011) (providing for a waiver of immunity for property damage and personal injuries resulting from the negligent operation or use of a motor-driven vehicle or motor-driven equipment); *see also Rodriguez*, 2011 WL 5244366, at *3; *Amadi*, 2011 WL 5099184, at *4. Moreover, *Garcia* is distinguishable because, unlike in this case, the governmental unit had not waived its immunity to suit for the plaintiffs' tort claims. *See Amadi*, 2011 WL 5099184, at *5.

Therefore, under the plain language of subsection (b), the simultaneous filing of suit against the City and Washington does not bar Johnson's suit against the City because the City has consented to suit in this case. *See Amadi*, 2011 WL 5099184, at *8; *see also Rodriguez*, 2011 WL 5244366, at *3 (applying *Amadi* and holding that subsection (b) did not bar the plaintiff's claims against the City because the City's immunity relative to the claims was waived under the TTCA). Because the City was not entitled to dismissal pursuant to section 101.106(b), we overrule its sole issue. Accordingly, we affirm the trial court's judgment.

/s/ Sharon McCally, Justice

Panel consists of Justices Frost, Jamison, and McCally.