**Affirmed and Memorandum Opinion filed December 22, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00647-CV

**THE CITY OF HOUSTON, Appellant**

**V.**

**CESAR I. URIBE-MENDOZA AND IVONNE AGUILAR-ANGELES, Appellees**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-40603**

## M E M O R A N D U M    O P I N I O N

In this interlocutory appeal, the City of Houston appeals from the trial court's order denying its plea to the jurisdiction on the negligence claims of appellees, Cesar I. Uribe-Mendoza and Ivonne Aguilar-Angeles. We affirm.

### BACKGROUND

Appellees simultaneously sued the City and its employee, Lisa Kimball, who was driving a city-owned vehicle, for negligence in causing a collision with a vehicle occupied by appellees resulting in personal injury to them. The City filed a motion to

dismiss its employee, Kimball, pursuant to the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). The trial court granted the City's motion. The City subsequently filed a plea to the jurisdiction, contending that appellees' claims against it should be dismissed pursuant to section 101.106(b) of the election-of-remedies provision. *See id.* § 101.106(b). The trial court denied the City's plea to the jurisdiction and this appeal followed.

## STANDARD OF REVIEW

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Gatesco, Inc. Ltd. v. City of Rosenberg*, 312 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *City of Dallas v. Carbjal*, 324 S.W.3d 537, 538 (Tex. 2010); *Miranda*, 133 S.W.3d at 228.

## ANALYSIS

In its sole issue in this appeal, the City asserts that the trial court erred in denying its plea to the jurisdiction. Specifically, the City argues that it is entitled to the dismissal of appellees' claims against it pursuant to section 101.106(b).

Section 101.106(e)—the provision under which the City moved to dismiss Kimball from this case—provides:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). Once the governmental unit files a motion to dismiss the claims against its employee under section 101.106(e), the trial court must grant the motion and dismiss the claims against the employee from the suit. *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied). In this case, the trial court granted the City's motion to dismiss Kimball.

2

After the motion was granted, the City further sought the dismissal of appellees' claims against itself pursuant to section 101.106(b), which provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b).

The City argues that the governmental unit has immunity from suit under subsection (b) when a plaintiff files suit simultaneously against the governmental unit and its employee regarding the same subject matter. Specifically, the City relies on *Mission Consolidated Independent School District v. Garcia*, which states that "to the extent subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." 253 S.W.3d 653, 659 (Tex. 2008). However, this court recently rejected these identical arguments in cases involving the simultaneous filing of suit against the City and its employee. *See Amadi v. City of Houston*, No. 14-10-01216-CV, — S.W.3d —, 2011 WL 5099184, at *8 (Tex. App.—Houston [14th Dist.] Oct. 27, 2011, no pet. h.) (op. on reh'g en banc); *see also City of Houston v. Rodriguez*, No. 14-11-00136-CV, — S.W.3d —, 2011 WL 5244366, at *2–3 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet. h.) (op. on reh'g).

Subsection (b) applies to bar a plaintiff's recovery against the governmental unit only when the governmental unit has not consented to suit. *Amadi*, 2011 WL 5099184, at *4. Here, as in *Amadi* and *Rodriguez*, the City consented to suit based on the negligent use or operation of a motor-driven vehicle. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (providing for a waiver of immunity for property damage and personal injuries resulting from the negligent operation or use of a motor-driven vehicle or motor-driven equipment); *see also Rodriguez*, 2011 WL 5244366, at *3; *Amadi*, 2011 WL 5099184, at *4.

Therefore, under the plain language of subsection (b), the simultaneous filing of

suit against the City and Kimball does not bar appellees' suit against the City because the City has consented to suit in this case. *See Amadi*, 2011 WL 5099184, at *8; *see also Rodriguez*, 2011 WL 5244366, at *3 (applying *Amadi* and holding that subsection (b) did not bar the plaintiff's claims against the City because the City's immunity relative to the claims was waived under the TTCA). Because the City was not entitled to dismissal pursuant to section 101.106(b), we overrule its sole issue.

Accordingly, we affirm the trial court's judgment.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Christopher and McCally.