**Affirmed and Memorandum Opinion filed December 22, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00494-CV

---

### METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, Appellant

### V.

### CALVIN ATKINS AND LEONARD WALKER, Appellees

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-82121**

---

## MEMORANDUM OPINION

In this interlocutory appeal, the Metropolitan Transit Authority of Harris County (Metro) appeals from the trial court's order denying its plea to the jurisdiction on the negligence claims of appellees, Calvin Atkins and Leonard Walker. We affirm.

### BACKGROUND

Appellees simultaneously sued Metro and its employee, Mae W. Bowens, who was driving a Metro-owned bus, for negligence when Bowens drove the bus over an exposed metal grate and ran up on the curb causing injury to appellees who were

passengers on the bus.  Metro filed a motion to dismiss its employee, Bowens pursuant to the election-of-remedies provision of the Texas Tort Claims Act (TTCA).  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e).  The trial court granted Metro's motion.  Metro subsequently filed a plea to the jurisdiction, contending that appellees' claims against it should be dismissed pursuant to section 101.106(b) of the election-of-remedies provision.  *See id.* § 101.106(b).  The trial court denied Metro's plea to the jurisdiction and this appeal followed.

## STANDARD OF REVIEW

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction.  *Gatesco, Inc. Ltd. v. City of Rosenberg*, 312 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)).  We review the trial court's ruling on a plea to the jurisdiction under a de novo standard.  *City of Dallas v. Carbjal*, 324 S.W.3d 537, 538 (Tex. 2010); *Miranda*, 133 S.W.3d at 228.

## ANALYSIS

In its sole issue in this appeal, Metro asserts that the trial court erred in denying its plea to the jurisdiction.  Specifically, Metro argues that it is entitled to the dismissal of appellees' claims against it pursuant to section 101.106(b).

Section 101.106(e)—the provision under which Metro moved to dismiss Bowens from this case—provides:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e).  Once the governmental unit files a motion to dismiss the claims against its employee under section 101.106(e), the trial court must grant the motion and dismiss the claims against the employee from the suit.  *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005,

2

pet. denied). In this case, the trial court granted Metro's motion to dismiss Bowens.

After the motion to dismiss Bowens was granted, Metro further sought the dismissal of appellees' claims against itself pursuant to section 101.106(b), which provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b).

Metro argues that the governmental unit has immunity from suit under subsection (b) when a plaintiff files suit simultaneously against the governmental unit and its employee regarding the same subject matter. Specifically, Metro relies on *Mission Consolidated Independent School District v. Garcia*, which states that "to the extent subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." 253 S.W.3d 653, 659 (Tex. 2008). However, this court recently rejected these identical arguments in cases involving the simultaneous filing of suit against the City of Houston and its employee. *See Amadi v. City of Houston*, No. 14-10-01216-CV, — S.W.3d —, 2011 WL 5099184, at *8 (Tex. App.—Houston [14th Dist.] Oct. 27, 2011, no pet. h.) (op. on reh'g en banc); *see also City of Houston v. Rodriguez*, No. 14-11-00136-CV, — S.W.3d —, 2011 WL 5244366, at *2–3 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet. h.) (op. on reh'g).

Subsection (b) applies to bar a plaintiff's recovery against the governmental unit only when the governmental unit has not consented to suit. *Amadi*, 2011 WL 5099184, at *4. Here, as in *Amadi* and *Rodriguez*, Metro consented to suit based on the negligent use or operation of a motor-driven vehicle. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (providing for a waiver of immunity for property damage and personal injuries resulting from the negligent operation or use of a motor-driven vehicle or motor-driven equipment); *see also Rodriguez*, 2011 WL 5244366, at *3; *Amadi*, 2011 WL 5099184, at

3

*4.

Therefore, under the plain language of subsection (b), the simultaneous filing of suit against Metro and Bowens does not bar appellees' suit against Metro because Metro has consented to suit in this case. *See Amadi*, 2011 WL 5099184, at *8; *see also Rodriguez*, 2011 WL 5244366, at *3 (applying *Amadi* and holding that subsection (b) did not bar the plaintiff's claims against the City because the City's immunity relative to the claims was waived under the TTCA). Because Metro was not entitled to dismissal pursuant to section 101.106(b), we overrule its sole issue.

Accordingly, we affirm the trial court's judgment.


PER CURIAM


Panel consists of Justices Brown, Boyce, and McCally.

4