**Reversed and Remanded and Memorandum Opinion filed December 22, 2011.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00413-CV

---

### CEDRIC AUTHORLEE AND KENNETH PATTERSON, Appellants

### V.

### METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, Appellee

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-24026**

---

## M E M O R A N D U M   O P I N I O N

In this appeal, appellants Cedric Authorlee and Kenneth Patterson appeal from the trial court's order granting the plea to the jurisdiction filed by appellee Metropolitan Transit Authority of Harris County (Metro). We reverse and remand.

### BACKGROUND

Appellants simultaneously sued Metro and its employee, Steve Johnson, who was driving a Metro-owned bus, which collided with a vehicle occupied by appellants resulting in personal injury to appellants. Metro filed a motion to dismiss its employee,

Johnson, pursuant to the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). The trial court granted Metro's motion to dismiss Johnson. Metro subsequently filed a plea to the jurisdiction, contending that appellants' claims against it should be dismissed pursuant to section 101.106(b) of the election-of-remedies provision. *See id.* § 101.106(b). The trial court granted Metro's plea to the jurisdiction and this appeal followed.

## STANDARD OF REVIEW

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Gatesco, Inc. Ltd. v. City of Rosenberg*, 312 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *City of Dallas v. Carbjal*, 324 S.W.3d 537, 538 (Tex. 2010); *Miranda*, 133 S.W.3d at 228.

## ANALYSIS

In its first issue, appellants assert that, following this court's decisions in *Amadi v. City of Houston*,[1] and *City of Houston v. Rodriguez*,[2] the trial court erred in granting Metro's plea to the jurisdiction. In the trial court, Metro argued that it was entitled to the dismissal of appellants' claims against it pursuant to section 101.106(b).

Section 101.106(e)—the provision under which Metro moved to dismiss Johnson from this case—provides:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

---

[1] No. 14-10-01216-CV, — S.W.3d —, 2011 WL 5099184, at *8 (Tex. App.—Houston [14th Dist.] Oct. 27, 2011, no pet. h.) (op. on reh'g en banc).

[2] No. 14-11-00136-CV, — S.W.3d —, 2011 WL 5244366, at *2–3 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet. h.) (op. on reh'g).

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). Once the governmental unit files a motion to dismiss the claims against its employee under section 101.106(e), the trial court must grant the motion and dismiss the claims against the employee from the suit. *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied). In this case, the trial court granted the motion to dismiss Johnson.

After Johnson was dismissed, Metro further sought the dismissal of appellants' claims against itself pursuant to section 101.106(b), which provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b).

Metro argues that the governmental unit has immunity from suit under subsection (b) when a plaintiff files suit simultaneously against the governmental unit and its employee regarding the same subject matter. Specifically, Metro relies on *Mission Consolidated Independent School District v. Garcia*, which states that "to the extent subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." 253 S.W.3d 653, 659 (Tex. 2008). However, this court recently rejected these identical arguments in cases involving the simultaneous filing of suit against the City of Houston and its employee. *See Amadi*, 2011 WL 5099184, at *8; *Rodriguez*, 2011 WL 5244366, at *2–3.

Subsection (b) applies to bar a plaintiff's recovery against the governmental unit only when the governmental unit has not consented to suit. *Amadi*, 2011 WL 5099184, at *4. In this case, as in *Amadi* and *Rodriguez*, Metro consented to suit based on the alleged negligent use or operation of a motor-driven vehicle. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (providing for a waiver of immunity for property damage and personal injuries resulting from the negligent operation or use of a motor-driven vehicle or motor-driven equipment); *see also Rodriguez*, 2011 WL 5244366, at *3; *Amadi*, 2011 WL

3

5099184, at *4.

Therefore, under the plain language of subsection (b), the simultaneous filing of suit against Metro and Johnson does not bar appellants' suit against Metro because Metro has consented to suit in this case. *See Amadi*, 2011 WL 5099184, at *8; *see also Rodriguez*, 2011 WL 5244366, at *3 (applying *Amadi* and holding that subsection (b) did not bar the plaintiff's claims against the City because the City's immunity relative to the claims was waived under the TTCA). Because Metro was not entitled to dismissal pursuant to section 101.106(b), we sustain appellants' first issue.

Accordingly, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.


PER CURIAM


Panel consists of Justices Frost, Seymore, and Jamison.