**Memorandum Opinion filed January 5, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00651-CV

### METROPOLITAN TRANSIT AUTHORITY OF

### HARRIS COUNTY, TEXAS, Appellant

### V.

### NATHAN JOHNSON, ERNEST GREY, AND MARY CALLIS, Appellees

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-40953**

## MEMORANDUM OPINION

In this interlocutory appeal, Metropolitan Transit Authority of Harris County, Texas, ("METRO") appeals from the trial court's order denying its plea to the jurisdiction on the negligence claims of appellees, Nathan Johnson, Ernest Gray, and Mary Callis.[1] We affirm.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008) (permitting interlocutory appeals from a court order that grants or denies a plea to the jurisdiction by a governmental unit).

## BACKGROUND

Appellees simultaneously sued METRO and employee, Johnell N. Thomas, alleging Thomas negligently operated a METRO bus, causing injuries to appellees. METRO filed a motion to dismiss the claims against its employee, Thomas, pursuant to section 101.106(e) of the Texas Civil Practice and Remedies Code.. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011). Before the trial court ruled on the motion, appellees filed a notice of non-suit as to the claims against Thomas. On the same day, appellees filed an amended petition that still named Thomas as a party. Later, on August 10, 2009, the trial court signed an order granting the motion for non-suit.

On May 13, 2011, METRO filed a plea to the jurisdiction, contending that appellees' claims against it should be dismissed pursuant to section 101.106(b) of the Texas Civil Practice and Remedies Code. *See id.* § 101.106(b). The trial court denied METRO's plea to the jurisdiction and this appeal followed.

## STANDARD OF REVIEW

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Gatesco, Inc. Ltd. v. City of Rosenberg*, 312 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *City of Dallas v. Carbjal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam); *Miranda*, 133 S.W.3d at 228.

## ANALYSIS

METRO asserts the trial court erred by denying its plea to the jurisdiction. Specifically, METRO argues it is entitled to the dismissal of appellees' claims against it pursuant to section 101.106(b) because appellees made an irrevocable election to sue its

employee, thus barring all claims against the City. METRO sought dismissal of appellees' claims against itself pursuant to section 101.106(b), which provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b).

In its sole issue, METRO argues that the governmental unit has immunity from suit under subsection (b) when a plaintiff files suit simultaneously against the governmental unit and its employee regarding the same subject matter. Specifically, METRO relies on *Mission Consolidated Independent School District v. Garcia*, which states that "to the extent subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." 253 S.W.3d 653, 659 (Tex. 2008). However, this court recently rejected these identical arguments in cases involving the simultaneous filing of suit against the City of Houston and its employee. *See Amadi v. City of Houston*, No. 14-10-01216-CV, — S.W.3d —, 2011 WL 5099184, at *8 (Tex. App.—Houston [14th Dist.] Oct. 27, 2011, no pet. h.) (op. on reh'g en banc); *see also City of Houston v. Rodriguez*, No. 14-11-00136-CV, — S.W.3d —, 2011 WL 5244366, at *2–3 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet. h.) (op. on reh'g).

Subsection (b) applies to bar a plaintiff's recovery against the governmental unit only when the governmental unit has not consented to suit. *Amadi*, 2011 WL 5099184, at *4. Here, as in *Amadi* and *Rodriguez*, METRO consented to suit based on the negligent use or operation of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011) (providing for a waiver of immunity for property damage and personal injuries resulting from the negligent operation or use of a motor-driven vehicle or motor-driven equipment); *see also Rodriguez*, 2011 WL 5244366, at *3; *Amadi*, 2011 WL 5099184, at *4. Moreover, *Garcia* is distinguishable because, unlike in this case, the

3

governmental unit had not waived its immunity to suit for the plaintiffs' tort claims. *See Amadi*, 2011 WL 5099184, at *5.

Therefore, under the plain language of subsection (b), the simultaneous filing of suit against METRO and Thomas does not bar appellees' suit against METRO because METRO has consented to suit in this case. *See Amadi*, 2011 WL 5099184, at *8; *see also Rodriguez*, 2011 WL 5244366, at *3 (applying *Amadi* and holding that subsection (b) did not bar the plaintiff's claims against the City because the City's immunity relative to the claims was waived under the Texas Tort Claims Act). Because METRO was not entitled to dismissal pursuant to section 101.106(b), we overrule its sole issue and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Frost, Seymore, and Jamison.