**Affirmed and Memorandum Opinion filed February 23, 2012.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00648-CV

### CITY OF HOUSTON, Appellant

### V.

### PRINCESS ELAINE STEWART, Appellees

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2011-10623**

## MEMORANDUM OPINION

In this interlocutory appeal, the City of Houston appeals from the trial court's order denying its plea to the jurisdiction on the negligence claims of appellee Princess Elaine Stewart.[1] We affirm.

### BACKGROUND

Appellee simultaneously sued the City and its employee Edgard Cerpas for negligence alleging that Cerpas was driving a vehicle owned by the City when he caused

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West 2008) (permitting interlocutory appeals from a court order that grants or denies a plea to the jurisdiction by a governmental unit).

a collision with the vehicle occupied by Stewart, resulting in personal injury to Stewart. The City filed a motion to dismiss the claims against Cerpas pursuant to the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2011). The trial court granted the City's motion to dismiss the claims against Cerpas. The City then filed a plea to the jursidiction, contending that appellee's claims against it should be dismissed pursuant to section 101.106(b) of the election-of-remedies provision. *See id.* § 101.106(b). The trial court denied the City's plea to the jurisdiction and this appeal followed.

## STANDARD OF REVIEW

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Gatesco, Inc. Ltd. v. City of Rosenberg*, 312 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). We review the trial court's ruling on a plea to the jurisdiction under a de novo standard. *City of Dallas v. Carbjal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam); *Miranda*, 133 S.W.3d at 228.

## ANALYSIS

The City asserts the trial court erred by denying its plea to the jurisdiction. Specifically, the City argues it is entitled to the dismissal of appellee's claims against it pursuant to section 101.106(b) because appellee made an irrevocable election to sue its employee, thus barring all claims against the City.

Section 101.106(e) provides:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). If the governmental unit files a motion to dismiss the claims against its employee under section 101.106(e), the trial court

2

must grant the motion and dismiss the claims against the employee from the suit. *Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied). That occurred in this case.

However, the City further sought the dismissal of appellee's claims against the City pursuant to section 101.106(b), which provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b).

The City argues that the governmental unit has immunity from suit under subsection (b) when a plaintiff files suit simultaneously against the governmental unit and its employee regarding the same subject matter. Specifically, the City relies on *Mission Consolidated Independent School District v. Garcia*, which states that "to the extent subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." 253 S.W.3d 653, 659 (Tex. 2008). However, this court recently rejected these identical arguments in cases involving the simultaneous filing of suit against the City and its employee. *See Amadi v. City of Houston*, No. 14-10-01216-CV, — S.W.3d —, 2011 WL 5099184, at *8 (Tex. App.—Houston [14th Dist.] Oct. 27, 2011, pet. filed) (op. on reh'g en banc); *see also City of Houston v. Rodriguez*, No. 14-11-00136-CV, — S.W.3d —, 2011 WL 5244366, at *2–3 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, pet. filed) (op. on reh'g).

Subsection (b) applies to bar a plaintiff's recovery against the governmental unit only when the governmental unit has not consented to suit. *Amadi*, 2011 WL 5099184, at *4. In this case, as in *Amadi* and *Rodriguez*, the City consented to suit based on the negligent use or operation of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011) (providing for a waiver of immunity for property damage

3

and personal injuries resulting from the negligent operation or use of a motor-driven vehicle or motor-driven equipment); *see also Rodriguez*, 2011 WL 5244366, at *3; *Amadi*, 2011 WL 5099184, at *4. Moreover, *Garcia* is distinguishable because, unlike in this case, the governmental unit had not waived its immunity to suit for the plaintiffs' tort claims. *See Amadi*, 2011 WL 5099184, at *5.

Therefore, under the plain language of subsection (b), the simultaneous filing of suit against the City and Cerpas does not bar appellee's suit against the City because the City has consented to suit in this case. *See Amadi*, 2011 WL 5099184, at *8; *see also Rodriguez*, 2011 WL 5244366, at *3 (applying *Amadi* and holding that subsection (b) did not bar the plaintiff's claims against the City because the City's immunity relative to the claims was waived under the TTCA). Because the City was not entitled to dismissal pursuant to section 101.106(b), we overrule its sole issue and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Frost, Brown, and Christopher.