**Motion for En Banc Reconsideration Granted, Panel Opinion of July 7, 2011 Withdrawn, Reversed and Remanded, and En Banc Opinion filed October 27, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-01216-CV

## JANE UCHE AMADI, CONSTANCE NNADI, AND WORLD ANOINTING CENTER MINISTRIES, INC., Appellants

## V.

## CITY OF HOUSTON, Appellee

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2009-68806**

## EN BANC OPINION

We grant the city's motion for en banc reconsideration, withdraw our opinion issued on July 7, 2011, and issue this en banc opinion in its place.

In this case brought under the Texas Tort Claims Act ("TTCA"),[1] the appellants challenge the trial court's order granting the City of Houston's plea to the jurisdiction. Because we conclude that the City of Houston (the "city") has consented to suit, we reverse and remand.

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.002 (West 2011).

## BACKGROUND

Jane Uche Amadi, Constance Nnadi, and World Anointing Center Ministries, Inc. (collectively, "Amadi") sued both the city and its employee, Jermaine T. Owens. Amadi alleged that Owens' negligent operation of a motor vehicle owned by the city caused a collision with Amadi's vehicle, resulting in personal injury and property damage.[2] Amadi alleged that the city was liable under the theory of *respondeat superior*. Owens, who was not served with citation, did not answer. Amadi later non-suited Owens pursuant to a Rule 11 agreement with the city.

The city filed a plea to the trial court's jurisdiction, which it subsequently amended, contending that all of Amadi's tort claims were barred by subsection 101.106(b) of the TTCA because she had included Owens in her original petition. That subsection provides that the "filing of a suit against any employee of a governmental unit . . . immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents."[3] The trial court granted the city's amended plea, and Amadi timely filed this appeal.

## ANALYSIS

### A.    Standard of Review

In four issues, Amadi challenges the trial court's order granting the city's plea to the jurisdiction. Because Amadi's first issue is dispositive, we focus our analysis on that issue: "Did the Trial Court err in granting the City of Houston's plea to jurisdiction based upon the election of remedies provision contained in Tex. Civ. Prac. & Rem. Code Ann. 101.106[?]" A plea to the jurisdiction based on sovereign or governmental

---

[2] The parties neither dispute that Owens was acting within the course and scope of his employment with the city, nor that, under the TTCA, the Legislature has waived governmental immunity to suit and liability arising from the negligent use of a motor-driven vehicle by a governmental unit employee. *See id.* § 101.021.

[3] *Id*. § 101.106(b).

2

immunity challenges a trial court's jurisdiction.[4] *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review such a plea to the jurisdiction *de novo*. *See id.*

Our resolution of this case involves issues of statutory construction. Our primary goal in construing a statute is to determine and give effect to legislative intent. *Grimes Cnty. Bail Bond Bd. v. Ellen*, 267 S.W.3d 310, 316 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *In re Canales*, 52 S.W.3d 698, 702 (Tex. 2001) (orig. proceeding)). We need not resort to rules of construction when a statute is clear and unambiguous. *Id.* We may consider, among other things, the objective of the statute and the consequences of a particular construction. *Id.* We must read the statute in its entirety and interpret it to effectuate each part. *Id.* (citing *City of Houston v. Jackson*, 42 S.W.3d 316, 319–20 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd w.o.j.)).

## B. Application

### 1. Legal Principles Associated with Sovereign Immunity

Sovereign and governmental immunity exist to protect the State and its political subdivisions from lawsuits and liability for money damages because such lawsuits hamper governmental functions by interfering with the appropriate use of tax resources. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Thus, the State, and likewise its political subdivisions, may be sued only when the Legislature has clearly manifested the State's consent to suit in its legislative enactments. *See id.* We interpret statutory waivers of immunity narrowly, and the legislature's intent to waive immunity must be clear and unambiguous. *Id.* (citing Tex. Gov't Code Ann. § 311.034 (West 2005)).

---

[4] Sovereign immunity protects the State and State agencies and their officers. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Governmental immunity, on the other hand, protects subdivisions of the State, including municipalities like the city. *Id.* Both types of immunity afford the same degree of protection, and both levels of government are subject to the TTCA. Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001(3), 101.021, 101.025 (West 2011); *Sykes*, 136 S.W.3d at 638.

As is relevant here, the TTCA provides a limited waiver of immunity for certain suits against governmental units and also caps recoverable damages. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109. It generally waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" by an employee acting within the course and scope of his employment or from "a condition or use of tangible personal or real property." *Id.* § 101.021.

## 2. The TTCA's Election-of-Remedies Statute

In the past, claimants often chose to sue the employee of a governmental unit, rather than the governmental unit itself, to avoid the TTCA's restrictions. This strategy was sometimes successful because claims against employees were not always subject to the TTCA. *See Garcia*, 253 S.W.3d at 656. In an effort to prevent this gamesmanship and to protect governmental employees, the legislature enacted an election-of-remedies provision. *Id.* As enacted originally, section 101.106, entitled "Employees Not Liable After Settlement or Judgment," stated:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 (current version at Tex. Civ. Prac. & Rem Code Ann. § 101.106).

This amendment provided some protection for employees when claims against the governmental unit were reduced to judgment or were settled, but nothing prevented a plaintiff from pursuing alternative theories against both employees and the governmental unit through trial or other final resolution. *See Garcia*, 253 S.W.3d at 656. The Legislature addressed this issue as part of its tort reform efforts in 2003. *See id.* at 656–57. The election-of-remedies provision currently provides in pertinent part:

> (a)    The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately

4

and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b)     The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

. . .

(e)     If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f)     If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106.

The current enactment of the election-of-remedies provision requires that a plaintiff decide at the time she files suit whether an employee acted independently and is solely liable, or whether the employee acted within the general scope of his or her employment, thereby making the governmental unit vicariously liable for the employee's acts. *See Garcia*, 253 S.W.3d at 657. In sum,

[u]nder the [TTCA]'s election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only; (2) when suit is filed against both the governmental unit and its employee; or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit. When suit is filed against the employee,

5

recovery against the governmental unit regarding the same subject matter is barred unless the governmental unit consents to suit. Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually.

*Id.* (citations omitted).

### 3.      The Subsections of TTCA Section 101.106

We have previously analyzed the interplay between subsections (a) and (f). *See Hintz v. Lally*, 305 S.W.3d 761 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). In that opinion, we stated:

> [S]ection 101.106's door swings in just one direction. A plaintiff who makes an "irrevocable election" by suing only the governmental employee nonetheless can be compelled to change targets and sue only the governmental employer instead. A plaintiff who sues both the employee and the employer also can be compelled to dismiss the employee and sue only the employer instead. But once the plaintiff makes an "irrevocable election" by suing only the employer, there is no statutory mechanism to change targets and sue the employee instead. Suing the governmental unit "immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." This one-way door comports with the legislature's goal to address efforts to circumvent the Tort Claims Act's limits by litigants who sued governmental employees individually instead of their governmental employers.

*Id.* at 769 (citations omitted). In this case, however, we are confronted with the relationship between subsections (b) and (e). Nonetheless, our decision confirms that section 101.106's door swings in just one direction: away from the employee and toward the governmental employer.[5]

---

[5] *See also Univ. of Tex. Health Sci. Ctr. at Hous. v. Crowder*, —S.W.3d—, —, No. 14-10-00092-CV, 2011 WL 1413306, at *6 (Tex. App.—Houston [14th Dist.] Apr. 14, 2011, no pet. h.) ("by enacting the current version of section 101.106 in 2003, the Legislature made whatever remedy the [TTCA] provides against the governmental unit a claimant's exclusive remedy for damages allegedly caused by common-law torts committed by a government employee in the scope of her employment" (citing *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011)).

### 4.     The City's Plea to the Jurisdiction

In its plea to the jurisdiction, the city relies on subsection (b), asserting that Amadi is forever barred from suing or recovering from the city because she simultaneously filed suit against the city and its employee.  Amadi responds by arguing that subsection (e), not subsection (b), applies to the situation at bar.  But we reach the same conclusion regardless of the route we take.  The city has consented to suit in this case, and Amadi's claims against it are not barred by the election-of-remedies statute.

If we were to apply subsection (e) to this case, Owens would have been entitled to dismissal of all of Amadi's claims against him on the filing of a motion to dismiss by the city.  Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e).  The city did not file such a motion, and Owens did not seek his own dismissal under subsection (f).  *Id.* § 101.106(f).  Rather, under a Rule 11 agreement with the city, Amadi voluntarily dismissed her claims against Owens.  Even though the procedure of subsection (e) was not followed, the result in this case is the same:  the only claims remaining in this case are those claims against the city for which it has explicitly consented to be sued. *See id.* § 101.021; *cf. Hintz*, 305 S.W.3d at 769 (noting that the "one-way door" operating to remove a governmental unit employee from a lawsuit properly directed at the governmental unit itself "comports with the legislature's goal to address efforts to circumvent the Tort Claims Act's limits by litigants who sued governmental employees individually instead of their governmental employers").

Further, we agree with the city that subsection (b) operates to bar a plaintiff's recovery against the governmental unit when the plaintiff has elected to sue only a government employee for the same subject matter. *See id.* § 101.106(b); *Garcia*, 253 S.W.3d at 659–60.  But this bar applies only when the governmental unit has not consented to suit.  Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b); *see also Garcia*, 253 S.W.3d at 660 ("Subsection (b) expressly operates to bar suit or recovery against the governmental unit '*unless the governmental unit consents*.'" (emphasis added)).  And, as

7

mentioned above, the TTCA expressly waives governmental immunity when liability arises from a governmental employee's use of a motor vehicle in the course and scope of his employment. Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Thus, properly applying the entirety of subsection (b) to this case, it would not bar Amadi's claims because the city has consented to suit for the tort claims at issue here. *Id.* § 101.106(b).

### 5. *Garcia* **Distinguished**

In arguing that subsection 101.106(b) operates to bar Amadi's suit against it, the city relies largely on the Texas Supreme Court case *Mission Consolidated Independent School District v. Garcia*. *See* 253 S.W.3d at 653. We first note that *Garcia* begins as follows: "In this case, three terminated school-district employees filed suit against the district and its superintendent alleging violations of the Texas Commission on Human Rights Act ("TCHRA") and *various common-law claims that do not fit within the [TTCA]'s limited waiver of immunity*." *Id.* at 654 (emphasis added). In contrast, this case involves claims that *do fit* within the TTCA's limited waiver of immunity. However, the city relies on the following language found later in *Garcia* to support its position that the tort claims in this case are barred by subsection (b): "We agree with the ISD that *to the extent subsection (b) applies*, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." *Id.* at 659 (first emphasis ours). But subsection (b), by its plain language, applies only when the governmental unit has not consented to suit. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b); *Garcia*, 253 S.W.3d at 660. Thus, in *Garcia*, subsection (b) operated to bar those claims for which the governmental unit had not consented to suit, *i.e. all* of Garcia's[6] common-law tort claims. *Garcia*, 253 S.W.3d at 660.

---

[6] In *Garcia*, the name "Garcia" actually refers to three school district employees who filed identical suits that were consolidated on appeal. 253 S.W.3d at 654.

Importantly, none of Garcia's common law tort claims were subject to the waiver of governmental immunity enacted by the Legislature in the TTCA: she sued the governmental unit and employee for intentional infliction of emotional distress, and the governmental employee for defamation, negligent misrepresentation, and fraud. *See id.* at 655. Because these claims were not subject to a waiver of governmental immunity, the only claim surviving subsection (b)'s application was the Texas Commission on Human Rights Act claim, because that act "clearly and unambiguously waive[d] immunity." *Id.* at 659–60.

Again relying on *Garcia*, the city argues that the State must waive immunity from suit through another statute, rather than the TTCA. But as discussed above, we do not read *Garcia* to require that a waiver of immunity arise from a different statutory scheme. *Id.* at 659–61. Indeed, as emphasized *supra*, the tort claims in *Garcia* that were barred were not those for which the TTCA provides an express waiver of immunity. *Id.* at 655 (stating that the plaintiffs filed lawsuits against the district and the district superintendent for intentional infliction of emotional distress, and against the superintendent for defamation, fraud, and negligent misrepresentation). We thus conclude that *Garcia* does not support the city's plea to the jurisdiction.

### 6. *City of Houston v. Esparza*

Additionally, we must respectfully disagree with our sister court's interpretation of subsection (b) in its recent opinion, *City of Houston v. Esparza*, —S.W.3d—, No. 01-11-00046-CV, 2011 WL 4925990, at *1 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, no pet. h.) (op. on reh'g). Our sister court holds that subsection (b) applies only when (1) the governmental unit is sued alone, or (2) the procedures of subsection (e) or (f) are followed. *Id.* at *7. However, this holding conflicts with *Garcia*, in which the Texas Supreme Court considered both subsections (b) and (e) in its analysis, even though the procedures of subsection (e) were not followed. *See Garcia*, 253 S.W.3d at 658–60. Additionally, our sister court expresses concern that our interpretation of subsection (b)

9

would allow a plaintiff to attempt first to obtain a judgment against the governmental employee, and if unsuccessful, to then sue the governmental unit under the TTCA's limited waiver of immunity provided by subsection 101.021. *Esparza*, 2011 WL 4925990, at \*9. Such a scenario is unlikely because the protections provided by subsection (f) would be available to the governmental employee sued in his individual capacity for tort claims arising from the course and scope of his employment. Tex. Civ. Prac. & Rem. Code § 101.106(f). Our sister court concludes that section 101.106 establishes new statutory immunity for governmental units by adding new jurisdictional prerequisites under the TTCA. *See Esparza*, 2011 WL 4925990, at \*10. We do not construe section 101.106 as adding new procedural requirements that claimants must satisfy to obtain the benefits of the limited waiver of immunity provided by section 101.021. Thus, we disagree with our sister court's interpretation of section 101.106.

### 7. Common Law versus Statutory Immunity

In its rehearing motion, the city focuses on the distinction between common law and statutory immunity, asserting that we have not recognized this difference. The Texas Supreme Court in *Franka v. Velasquez* held that subsection (f) confers statutory immunity on government employees. *See* 332 S.W.3d 367, 371 n.9 (Tex. 2011). However, as explained above, there is no immunity under subsection (b) if the governmental unit has consented to suit. The city counters that the waiver of immunity provided by section 101.021 of the TTCA is not "consent to suit" as contemplated by section 101.106(b). The city provides no support for this argument. Moreover, in *Garcia*, the Texas Supreme Court stated that an unambiguous waiver of immunity by the legislature is consent to suit. *Garcia*, 253 S.W.3d at 660. Section 101.021 supplies an unambiguous waiver of immunity for suits, like this one, that arise from the use of a motor-driven vehicle. Thus, the waiver of immunity from suit involved in this case is statutory, not common law immunity, and the city's argument is without merit.

10

## 8. Plain Language of Section 101.106

On rehearing, the city further asserts that we have "render[ed] 101.106(b) meaningless" and "rewrit[ten] the statute." We disagree. Our interpretation of the statute takes into consideration each subsection and ensures that none is rendered meaningless. *See City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010) (explaining that in interpreting a statute, courts must examine the words in the context of the statute as a whole and refrain from considering words or parts of the statute in isolation); *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 442 (Tex. 2009) (stating that courts should not interpret a statute such that part of it is rendered meaningless). For example, subsection 101.106(b) would operate to bar suits against the governmental entity in situations in which the governmental unit has not consented to suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106. Indeed, with its interpretation of subsection (b), it is the city that would re-write the statute to read as follows:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents *outside of the Texas Tort Claims Act*.

Moreover, subsections (e) and (f) of the election-of-remedies statute provide avenues for the governmental employee to be dismissed from the suit. Subsection (e) provides a mechanism for the governmental unit to compel dismissal of its employee. *Id.* § 101.106(e). Subsection (f) provides a mechanism for the employee to compel dismissal. *Id.* § 101.106(f). Under the city's interpretation of subsection (b), a governmental unit would be able to escape liability for acts for which the Legislature has provided a limited waiver of governmental immunity in the TTCA whenever subsections (e) and (f) are used to dismiss an employee from the suit because the filing of a suit against an employee bars any recovery against the governmental unit unless the governmental unit consents to suit outside of the TTCA. We decline to adopt this interpretation.

11

### 9. Jurisdictional Allegations in Amadi's Petition

On rehearing, the city suggests that Amadi was required to plead in the petition that the limited waiver of immunity provided in subsection 101.021 is the "consent" contemplated by subsection 101.106(b). We disagree. The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject-matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Tex. Dep't of Parks & Wildlife*, 133 S.W.3d at 226. Here, Amadi alleged that her "damages and [the] negligence in question were proximately caused by Defendant Jermaine Owens' negligent use of the motor vehicle that he drove at the time in question" and that "Owens was at all times relevant acting within the scope of his employment [the city]." Thus, Amadi filed her claim under the limited waiver of immunity provided in section 101.021 of the TTCA. The city has offered no authority that a plaintiff's assertion of this waiver of immunity in her petition is insufficient to defeat its plea to the jurisdiction. We conclude that Amadi sufficiently pleaded facts showing a waiver of immunity and that Amadi did not have to plead any legal argument as to the construction of subsection 101.106(b). We reject the city's argument.[7]

### CONCLUSION

The government has explicitly consented to suit through the TTCA to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment." Tex. Civ. Prac. & Rem. Code Ann. § 101.021. Thus, even if subsection 101.106(b) applies in this case, under its plain language, that statute does not bar Amadi's suit against the city because the city has consented to suit under the facts alleged in this case.

---

[7] The city suggests that several other courts have determined that subsection (b) bars claims unless consent to suit is found outside the TTCA. In its briefing to the panel in this case, the city recognized that the procedural facts of those cases distinguish them from the facts of this case. Accordingly, we conclude that this argument lacks merit.

*Id.* § 101.106(b). Accordingly, the trial court's order granting its plea to the jurisdiction was improper. We sustain Amadi's first issue, and reverse and remand to the trial court for proceedings consistent with this opinion.



/s/    Adele Hedges
Chief Justice


En banc court consists of Chief Justice Hedges and Justices Anderson, Frost, Seymore, Brown, Boyce, Christopher, Jamison, and McCally.

13