

# NUMBER 13-11-00395-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF PUBLIC SAFETY,                                  Appellant,

v.

ISRAEL ALI GALVAN, ROSA ELENA PEREZ,
AND ROSA MARIA PEREZ,                                                     Appellees.

### On appeal from the 445th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela[1], and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, the Texas Department of Public Safety ("DPS"), brings this interlocutory

appeal with respect to the trial court's order denying its motion to dismiss pursuant to

section 101.106(b) of the Texas Civil Practice and Remedies Code.   *See* TEX. CIV. PRAC.

---

[1] The Honorable Rose Vela, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2012.

& REM. CODE ANN. § 101.106(b) (West 2011). By one issue, DPS claims that the suit brought by Israel Ali Galvan, Rosa Elena Perez, and Rosa Maria Perez, appellees, is barred by section 101.106(b) because appellees originally filed suit against both the governmental employee and the governmental unit. We affirm.

## I. BACKGROUND

Appellees brought suit against the DPS and its employee, Jesus Rafael Larrazolo, alleging that Officer Larrazolo was acting in the scope of his employment when he failed to control his speed and struck appellees' vehicle causing them personal injuries. DPS moved to dismiss the case against Officer Larrazolo, pursuant to section 101.106(e) of the Civil Practice and Remedies Code, which provides:

> (e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Thereafter, appellees amended their pleadings to dismiss Officer Larrazolo as a defendant. On April 12, 2011, DPS filed a motion to dismiss pursuant to section 101.106(b). That section provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the government unit consents.

*Id.* § 101.106(b). After a hearing, the trial court denied the motion to dismiss.

## II. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction to hear a case. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000); *Kamel v. Univ. of Tex. Health Sci. Ctr.*, 333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2010,

2

pet. denied). Whether a governmental entity is immune from suit is a question of subject-matter jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The existence of subject-matter jurisdiction is a question of law that we review de novo. *State Dep't of Hwys. & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Kamel*, 333 S.W.3d at 681. We may not presume the existence of subject-matter jurisdiction; the burden is on the plaintiff to allege facts affirmatively demonstrating it. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44, 446 (Tex. 1993); *Kamel*, 333 S.W.3d at 681. In deciding a plea to the jurisdiction, a court may not consider the merits of the case, but only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Kamel,* 333 S.W.3d at 681.

The resolution of this case requires statutory construction. We construe a statute to give effect to legislative intent. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Amadi v. City of Houston*, 369 S.W.3d 254, 256 Tex. App.—Houston [14th Dist.] 2011, pet. filed) (en banc). The statute should be read as a whole and be interpreted to give effect to every part. *Gonzalez*, 82 S.W.3d at 327. The question before us is whether DPS is entitled to dismissal pursuant to section 101.106(b) of the Texas Civil Practice and Remedies Code because of DPS's allegation that appellees made an irrevocable election to sue both the employee and the governmental entity.

### III. ANALYSIS

By way of background, the Texas Tort Claims Act provides a limited waiver of immunity for certain suits against governmental units. TEX. CIV. PRAC. & REM. CODE ANN.

3

§§ 101.001-.109. (West 2011). With respect to the facts at issue here, the Tort Claims Act provides that immunity is waived to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment" by an employee acting within the course and scope of his employment or from "a condition or use of tangible personal or real property." *Id.* § 101.021.

DPS argues in its issue that its motion to dismiss should have been granted because appellees sued both the governmental unit and its employee in the same suit and the supreme court authority requires that a plaintiff must decide to sue either the employee or the entity before filing suit. *See Mission Consol. I.S.D. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). DPS relies upon language in *Mission Consolidated* that states "to the extent subsection (b) applies, it bars any suit against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." *Id.* at 659. DPS urges the sections (b) and (e) apply without reference to one another when a claimant sues both the government and its employee together, requiring both defendants to be dismissed. Importantly, subsection 101.106(b) is qualified by a consent exception: it bars suit against a governmental unit unless "the governmental unit consents." *Id.* § 101.106(b).

Appellees argue that the claims against the governmental entity survive because there is a waiver of immunity; the government consented to suit through the Tort Claims Act.[2] Some of our sister courts have addressed this issue and agree with the

---

[2] In *City of Corpus Christi v. Eby*, 13-09-205, 2011 WL 1437002 (Tex. App.—Corpus Christi, Apr. 14, 2011, no pet.)(mem. op.), we reversed the denial of a motion to dismiss holding that the plaintiff did not demonstrate a waiver of immunity. In *Eby*, all of the claims were for intentional torts, and thus Eby failed to demonstrate a waiver of the City's immunity from suit.

propositions set forth by appellees here. For example, in *Amadi v. City of Houston*, the Fourteenth Court of Appeals addressed this precise issue. *See Amadi*, 369 S.W. 3d 254 (Tex. App.—Houston [14th Dist.] 2011, pet. filed). As in this case, Amadi sued both the City of Houston and its employee, alleging negligent operation of a motor vehicle. *Id.* at 256. The City filed a plea to the jurisdiction alleging that Amadi's tort claims were barred by section 101.106(b) of the Tort Claims Act because plaintiff included both the employee and the City in her original petition. *Id.* In its plea, the City claimed that Amadi was barred from suing or recovering*. Id.* Amadi countered that subsection (e), not (b), applied. *Id.* at 259. That court concluded that section 101.106(b) operated "to bar a plaintiff's recovery against the governmental unit when the plaintiff has elected to sue only a government employee for the same subject matter." *Id.* The *Amadi* Court further determined: "But this bar applies only when the governmental unit has not consented to suit." *Id.* The *Amadi* court further opined that the Tort Claims Act expressly waives immunity when liability arises from a governmental employee's use of a motor vehicle in the course and scope of employment. *Id.* The court held that Amadi's claims were not barred because the City consented to suit for the tort claims at issue there. *Id.*

The *Amadi* Court noted, and we agree, that *Mission Consolidated Independent School District v. Garcia* is distinguishable. *Id.* at 260; *see Mission Consolidated*, 253 S.W.3d at 654. In *Mission Consolidated,* the plaintiffs sued for violations of the Texas Commission on Human Rights Act ("TCHRA"), and raised other common-law claims that did not fit within the purview of the Tort Claims Act's limited waiver of immunity. 253 S.W.3d at 654. Here, as in *Amadi*, however, the claims, in fact, do fit within the limited

5

waiver of immunity. *See Amadi,* 369 S.W.3d at 262. The *Amadi* Court ultimately concluded that the government explicitly consented to suit through the Tort Claims Act because liability arose from the use of a motor driven vehicle or motor-driven equipment. *Id*; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. Section 101.106(b), by its plain language, does not bar suit because the government entity has consented to suit. We agree with the *Amadi* court's reasoning.

The Third Court of Appeals, in *Barnum v. Ngakoue*, reached a similar result. *See* Nos. 03-09-00086-CV, 03-09-00087-CV, 2011 WL 1642179 (Tex. App.—Austin, Apr. 29, 2011, pet. granted). In *Barnum*, the appellate court concluded that the district court properly denied the governmental employer's motion to dismiss. The court stated: "This suit stems from a car accident between Ngakoue and one of the Adjutant General's employees, and the legislature has expressly waived sovereign immunity in these circumstances. *See id.* §101.021(1). Thus under *Mission Consolidated*, the legislature has consented to suit in these circumstances and the 'forever' bar under subsection 101.106(b) does not apply." *Id.* at *11.

Recently, in *City of Houston v. Esparza*, the First Court of Appeals reached a similar result utilizing different reasoning. *See* 369 S.W.3d 238 (Tex. App.—Houston [1st Dist.] 2011, pet. filed). In *Esparza,* the plaintiff sued both the City and its employee. *Id.* at 242. The City asserted that section 101.106 requires a claimant to sue either the City or employee, and the claimant who sues both loses the opportunity to sue either. The City argued that "consent", within the meaning of section 101.106(b), must be a waiver of immunity independent of the Tort Claims Act. *Id.* at 245.

6

Unlike *Amadi,* the *Esparza* court interpreted section (b)'s consent exception to permit "a claimant to bring a suit against a governmental unit only if the claimant has complied with all of the authorizing statute's jurisdictional requirements for bringing suit." *Id.* at 249. The *Esparza* Court further noted that "for claims brought under the Tort Claims Act, the claimant must meet all the Act's jurisdictional constraints." *Id.* The *Esparza* Court disagreed with *Amadi* and others to the extent that the limited waivers of immunity alone establish a government's consent to suit. *See id.* at 251*; City of Houston v. Johnson* 2011 WL 3395716 (Tex. App.—Houston [14th Dist.] Nov. 17, 2011, pet. filed) (mem. op. on rehearing).

The *Esparza* Court, following *Mission Consolidated,* determined that like the TCHRA, the Tort Claims Act prescribes certain procedures that a claimant must comply with in order to come within the Act's waiver of immunity. *Id.* at 251. The court ultimately concluded that by operation of subsection (e), Esparza was forced to elect and chose to pursue the claims against the City rather than the employee. As such, the claim against the City was not barred as long as the other jurisdictional requisites are met. *Id.* at 253 The *Esparza* Court, too, upheld the denial of the City's plea to the jurisdiction. *Id.* at 254. *See also Tex. Dep't of Public Safety v. Deakyne,* 371 S.W.3d 303, 311 (Tex. App.—San Antonio 2012, pet. filed) (holding that "when a plaintiff sues both the governmental unit and its employee under 101.106(e), the governmental unit becomes the elected defendant, the employee becomes the non-elected defendant, and subsection (a) immunizes the employee from suit or recovery; the governmental unit cannot assert subsection (b)'s immunity for the non-elected defendant"); *Texas Tech*

7

*University Health Sciences Ctr. v. Villagran*, 369 S.W.3d 523, 531(Tex. App.—Amarillo 2012, pet. filed)(holding that when suit is filed against both governmental unit and employee, The governmental unit cannot use two subsections in the election of remedies provision to require dismissal of the entire suit; *Tex. Parks & Wildlife Dept. v. Franklin*, No. 09-12-00056-CV, 2012 WL 5289359 at * (Tex. App.—Beaumont, October 25, 2012, no pet.)(mem.op.)(agreeing with the San Antonio Court's holding in *Deakyne*).

Here, because there was no challenge made to the jurisdictional prerequisites, we do not decide the precise issue determined in *Esparza*. However, we do follow the analyses discussed by the Houston, Austin, San Antonio, Amarillo, and Beaumont courts to the extent applicable and hold that the trial court did not err in denying the plea to the jurisdiction. We also note that the suit against the governmental employee here was in his official capacity and was not a suit against him for personal liability. Thus, appellees irrevocably elected to sue DPS. *See University of Texas Health Science Center at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011). We overrule DPS's first issue. The State previously filed a motion to stay this proceeding until the Texas Supreme Court has ruled on a similar issue currently before it. We deny the motion.

### IV. CONCLUSION

We affirm the trial court's order denying the plea to the jurisdiction.

GREGORY T. PERKES
Justice

Delivered and filed the
28th day of February, 2013.

8