**Affirmed and Opinion filed September 24, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00930-CV

**CITY OF HOUSTON, Appellant**

**V.**

**ESTER MEDINA OWENS, Appellee**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-26899**

## O P I N I O N

Appellant, the City of Houston, appeals the denial of its plea to the jurisdiction. The City argues that because appellee, Ester Medina Owens, elected to sue the City and its employee simultaneously, Owens's suit against the City is "forever bar[red]" under section 101.106(b) of the Civil Practice and Remedies Code. We disagree because section 101.106(b) does not bar suits when the governmental unit consents to suit, and we have previously held that this "consent"

includes waivers of municipal immunity under the Texas Tort Claims Act. Here, the Tort Claims Act waives the City's immunity, so it has consented to this suit and cannot obtain dismissal under 101.106(b). We therefore affirm.

## BACKGROUND

Owens alleges that the City's employee, a police officer, was driving an unmarked police vehicle and ran into her vehicle. Owens sued both the City and the employee. The City moved to dismiss the employee under section 101.106(e) of the Civil Practice and Remedies Code, which provides: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (West 2012). The trial court granted the motion and dismissed the employee.

The City then filed a plea to the jurisdiction seeking its own dismissal pursuant to section 101.106(b), which provides: "The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents." *Id.* § 101.106(b). The City argued that by suing the employee as well as the City, Owens had irrevocably elected to sue *only* the employee. As a result, the City argued, any suit against it was forever barred. The trial court denied the City's plea to the jurisdiction, and this interlocutory appeal followed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2012).

## ANALYSIS

In a single issue, the City argues that the trial court erred by denying its plea to the jurisdiction, which should have been granted based upon section 101.106(b).

We disagree.

## I.     Standard of review

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Gatesco, Inc. Ltd. v. City of Rosenberg,* 312 S.W.3d 140, 144 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We review the trial court's ruling on a plea to the jurisdiction de novo. *City of Dallas v. Carbajal,* 324 S.W.3d 537, 538 (Tex. 2010) (per curiam).

## II.     The trial court properly denied the City's plea to the jurisdiction.

Section 101.106 "requir[es] a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against [a government] employee alone." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). But courts have struggled with exactly what to do when, as here, a plaintiff sues both. *See generally* Brant E. Wischnewsky, Comment, *"Election" of Remedies: The City of Houston, the Sister Courts, and the Mission to Interpret the Tort Claims Act*, 50 HOUS. L. REV. 1507 (2013).

We addressed the issue in *Amadi v. City of Houston*, 369 S.W.3d 254, 257–62 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). In that case, as in this one, the plaintiff sued the City of Houston and its employee simultaneously. *Id*. at 256. After the plaintiff non-suited the employee defendant, the City argued that subsection 101.106(b) barred the plaintiff's claim against it as well.[1] *Id*.

We observed that although 101.106(b) may "immediately and forever bar[ ]

---

[1] Here, the employee defendant was not non-suited, but the City obtained his dismissal under subsection 101.106(e). This distinction does not affect our analysis, nor does the City argue that it should. Moreover, we have already applied *Amadi*'s definition of consent to an employee dismissed under subsection 101.106(e). *See City of Houston v. Stewart*, No. 14-11-00648-CV, 2012 WL 589578, at *1–*2 (Tex. App.—Houston [14th Dist.] Feb. 23, 2012, pet. denied) (mem. op.) (per curiam).

any suit . . . against the governmental unit," this bar does not apply if "the governmental unit consents." *Id.* at 259. We held that "consent[ ]" as used in 101.106(b) includes the express waiver of municipal immunity in section 101.021 of the Civil Practice and Remedies Code. *Id.* Under that section, "[a] governmental unit . . . is liable for" certain damages "aris[ing] from the operation or use of a motor-driven vehicle." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1)(A); *see City of Houston v. Ranjel*, No. 14-12-00458-CV, 2013 WL 3945971, at *5–6 (Tex. App.—Houston [14th Dist.] Aug. 1, 2013, no pet.). Because the plaintiff in *Amadi* alleged facts that brought her within this waiver of immunity, we held that the City had consented to suit and section 101.106(b) did not bar the plaintiff's claims. *Amadi*, 369 S.W.3d at 262.

Similarly here, Owens alleges facts giving rise to section 101.021's consent to sue, and the City does not argue otherwise or attempt to distinguish *Amadi*. Instead, the City contends that we should "re-assess [our] prior holdings." In particular, it argues that our holding in *Amadi* is contrary to the Texas Supreme Court's interpretation of section 101.106 in *Garcia*, 253 S.W.3d at 655, and our sister court's interpretation of the statute in *City of Houston v. Esparza*, 369 S.W.3d 238 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (op. on reh'g).[2]

This Court's opinion in *Amadi* analyzed both of these authorities at length, however. 369 S.W.3d at 259–61. Thus, our panel is bound to follow *Amadi* absent an intervening change in controlling authority. *See Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

---

[2] We note that the *Esparza* court's construction of 101.106(b) also would not allow the City to escape liability simply because Owens simultaneously sued the City and its employee. *See Esparza* 369 S.W.3d at 253–54 (holding that where city obtained dismissal of employee under subsection (e), subsection (b) did not bar plaintiff from pursuing claim against city).

4

The supreme court recently denied the petition for review in *Amadi* and provided further guidance regarding section 101.106 in *Texas Adjutant General's Office v. Ngakoue*, No. 11-0686, 2013 WL 4608867 (Tex. Aug. 30, 2013). Although the supreme court did not reach the issue of "consent" in *Ngakoue* because it held that subsection (b) did not apply, it explicitly endorsed the interpretation the City asks us to reassess here, holding that *Garcia* does not require "consent" under subsection (b) to arise from a statutory waiver of immunity outside the Texas Tort Claims Act itself. *Id.* at *4.[3]

Furthermore, *Ngakoue*'s discussion of subsection (b) provides an additional reason—independent of consent—for holding that a governmental unit cannot invoke subsection (b)'s bar against suit on facts like those here. *See id.* The supreme court held that a suit against an employee does not trigger subsection (b) when the employee is sued in his official capacity only—for example, when the suit is based on conduct within the general scope of the employee's employment for which the governmental unit could be sued under the Tort Claims Act. *Id.* at *6–7. Here, Owens alleged the City's employee was acting within the scope of his employment, and the City effectively agreed by filing its motion to dismiss the employee under subsection (e). Thus, *Ngakoue* confirms that subsection (b) does not bar Owens's remaining claims against the City.

For these reasons, we conclude there has been no change in controlling authority since *Amadi* that would alter the outcome of our immunity analysis. We therefore hold that the trial court properly denied of the City's plea to the jurisdiction.

---

[3] Consistent with *Amadi*, the supreme court also suggested in dicta that suit may proceed against a governmental unit regardless of the procedure followed to dismiss the employee. *Ngakoue*, 2013 WL 4608867 at *6 n.10; *see also Amadi*, 369 S.W.3d at 259–261.

## CONCLUSION

We overrule the City's sole issue and affirm the trial court's order denying the City's plea to the jurisdiction.

/s/    J. Brett Busby
       Justice

Panel consists of Justices Boyce, Jamison, and Busby.