**Affirmed and Memorandum Opinion filed September 23, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00180-CV

---

## HARRIS COUNTY COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, Appellant

### V.

### PAULA TREJO, Appellee

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2013-32589**

---

### M E M O R A N D U M   O P I N I O N

The Harris County Community Supervision and Corrections Department brings this interlocutory appeal from the denial of its motion for summary judgment based on the election of remedies provision of the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106. We affirm.

Appellee Paula Trejo sued Harris County and an employee of the Department for personal injuries Trejo sustained as a result of the negligent

operation of a motor vehicle. The employee moved for dismissal under Section 101.106(f).[1] After thirty days had passed, Trejo nonsuited her claims against both defendants. Trejo then sued the Department in this case based on the same claim. The Department filed a motion for summary judgment contending that Section 101.106(b)[2] barred suit against it because Trejo had made an irrevocable election to sue the employee and failed to comply with Section 101.106(f)'s thirty-day time period for substituting the governmental unit (i.e., the Department).[3] The trial court denied the motion, and the Department appeals.

The Department is wrong. The Texas Supreme Court has rejected the Department's argument. *See Tex. Adjutant Gen. Office v. Ngakoue*, 408 S.W.3d 350, 359 (Tex. 2013) ("TAGO contends, and the dissent would hold, that [subsection (f)] sets out a specific procedure that must be followed by a plaintiff— dismissal of the employee and addition of the government as defendant within thirty days of the employee's filing the motion—to avoid the bar in subsection (b). We disagree. This portion of subsection (f) simply provides a procedure by which an employee who is considered to have been sued only in his official capacity will be dismissed from the suit. . . . TAGO was not entitled to dismissal, however, because subsection (b) does not apply when an employee is considered to have

---

[1] Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) ("If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.").

[2] Tex. Civ. Prac. & Rem. Code Ann. § 101.106(b) ("The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.").

[3] The Department acknowledged in the trial court and on appeal that the employee was sued for conduct within the general scope of his employment.

been sued in his official capacity only, and because immunity was otherwise waived under the [Texas Tort Claims Act].").  Similarly, this court has rejected the Department's argument in a case involving personal injury resulting from the negligent use of a motor vehicle, as here, because a governmental unit has consented to such a lawsuit.  *See City of Houston v. Rodriguez*, 369 S.W.3d 262, 266 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1); *Amadi v. City of Houston*, 369 S.W.3d 254 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc)).

Of the three courts of appeals decisions the Department relies upon in its brief,[4] this court expressly declined to follow two of them.  *See id.* at 266–67.  The Texas Supreme Court was not persuaded by any of them.  *See Ngakoue*, 408 S.W.3d at 367 n.7 (Boyd, J., dissenting) (citing the Department's cases as contrary to the majority).

For the reasons stated in *Ngakoue* and *Rodriguez*, we conclude that the Department did not meet its summary judgment burden to establish that it is entitled to judgment as a matter of law.  *See* Tex. R. Civ. P. 166a(c).

We overrule the Department's sole issue on appeal and affirm the trial court's order denying the Department's motion for summary judgment.


/s/          Sharon McCally
             Justice

Panel consists of Justices McCally, Brown, and Wise.

---

[4] *See Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber-Eells*, 327 S.W.3d 233 (Tex. App.—San Antonio 2010, no pet.); *Huntsville Indep. Sch. Dist. v. Briggs*, 262 S.W.3d 390 (Tex. App.—Waco 2008, pet. denied); *Tex. Dep't of Agric. v. Calderon*, 221 S.W.3d 918 (Tex. App.—Corpus Christi 2007, no pet.).